IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN WELDON, M.D., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12-CV-00232- |
| ) | WSD |
| ANCHOR HOCKING, LLC and ) | |
| ANCHOR HOLDINGS, INC., ) | |
| ) | |
|     Defendants. ) | |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO ALLOW AN INTERLOCUTORY APPEAL AND MOTION FOR STAY</u>**

**I.   Introduction**

Defendants Anchor Hocking LLC and Anchor Holdings, Inc. (collectively "Anchor") respectfully request that the Court order that Anchor may seek an immediate appeal under 28 U.S.C. § 1292(b) and stay this action until the Eleventh Circuit has the opportunity to review the important issues addressed in the March 11, 2013 Order in this case. This is appropriate because the March 11, 2013 Order, holding that a bankruptcy court cannot transfer a bankrupt company's assets unencumbered by successor liability over future claims under Section 363(f) of the Bankruptcy Code, is a pure question of law. Furthermore, it is in conflict with a

bankruptcy court order decision, and it is a question of first impression in the Eleventh Circuit.[1]  A ruling now on this issue would be outcome determinative (if favorable to Anchor) and would avoid the time and substantial expense of discovery and trial.

## II.     The Requirements of 28 U.S.C. § 1292(b) Are Satisfied

28 U.S.C. § 1292(b) grants discretion to trial courts to allow an immediate appeal as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

---

[1] The Eleventh Circuit has affirmed a decision of the Bankruptcy Court in the Northern District of Georgia without addressing the bankruptcy court's discussion of the issues in this case. *In re All-American of Ashburn, Inc.*, 56 B.R. 186, 189-191 (Bankr. N.D. Ga. 1986), *aff'd* 805 F.2d 1515 (11th Cir. 1986).  Anchor finds the holding by the bankruptcy court in *All-American* to be instructive because it articulates a preference for "preserving the integrity of the priority system established by the Bankruptcy Code." 56 B.R. at 191.

The Eleventh Circuit has interpreted this section to require that three-prongs be met: (1) that a controlling legal question is involved; (2) that there is substantial ground for a difference of opinion regarding that controlling legal question; and (3) that an immediate appeal would materially advance the litigation's ultimate termination.  *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989); *Akanthos Capital Management LLC v. Compucredit Holdings Corp.,* 677 F.3d 1286 (11th Cir. 2012). While review is discretionary, "[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *E.g., Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F.Supp.2d 926, 957 (M.D.Tenn. 2001).

> **A.   A controlling legal question is involved that could materially affect the outcome of the case.**

A legal issue is controlling if it "has reference to a question of the meaning of a statutory or constitutional provision, regulation or common law doctrine . . . ." *McFarlin v. Conseco Servs., Inc.,* 381 F.3d 1251, 1258 (11th Cir. 2004).  "[A] question of law may be deemed controlling if its resolution is quite likely to affect the further course of litigation, even if not certain to do so."  *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996).

Whether a bankruptcy court may transfer a bankrupt company's assets unencumbered by successor liability over future claims under Section 363(f) of the

3

Bankruptcy Code is purely a question of law. (Order, p. 8, fn. 4). If Anchor prevails on the requested interlocutory appeal, such a decision would dispose of this entire case.

> **B.  A substantial ground for a difference of opinion exists when any one of the following is true: (1) the issue is difficult and of first impression, (2) a difference of opinion exists within the controlling circuit or (3) the circuits are split on the issue.**

A substantial ground for a difference of opinion exists when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; *or* (3) the circuits are split on the issue. *See, e.g., Eagan v. CSX Transportation, Inc.,* 294 F.Supp.2d 911, 916 (E.D.Mich. 2003); *Rodriguez v. Banco Cent.,* 917 F.2d 664, 665 (1st Cir. 1990) (circuits divided); *Limuel v. Donrey Corp.*, 795 F.Supp. 902, 903 (E.D.Ark. 1992) (conflict between decisions); *Klapper v. Commonwealth Realty Trust*, 662 F.Supp. 235, 236 (D.Del. 1987) (issue of first impression); *Giardello v. Balboa Ins. Co.*, 661 F.Supp. 644, 646 (S.D.Fla. 1985), 837 F.2d 1566 (11th Cir. 1988) (conflict between other circuits and controlling circuit).

Importantly, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 C. Wright & A. Miller, *Federal Practice and Procedure* Section 3930 (3d ed. 2004). In the context of this case, the stakes

are the highest—this issue will determine whether Plaintiff can proceed against Defendants or not.  As it stands now, the parties are left with two contradicting Orders from different District Courts on the same legal question of Anchor's successor liability.

This Court noted that this is an issue of first impression.  "The Eleventh Circuit has not addressed whether Section 363(f) encompasses tort claims, or, if it does, whether the statute encompasses future tort claims." (Order, p. 11).  This Court further cited other Federal Circuit decisions as upholding Section 363(f) orders as applied to existing *in personam* claims at the time of bankruptcy plan confirmation, without addressing whether or not Section 363(f) applied to permit the transfer of assets without subjecting the purchaser to potential successor liability.  (Order, p. 10, fn. 5).  The only distinction, it seems, is whether the product injury occurred a day before the bankruptcy plan confirmation, or a day after.

Furthermore, there is a difference of opinion among the Circuits. The Second Circuit in *In re Chrysler* clearly upheld the Bankruptcy Court's authority to issue a sale order that extinguished the right to pursue existing *and future* claims on any successor liability theory. *In re Chrysler LLC*, 576 F.3d 108, 126 (2d Cir. 2009).  Although the facts in *In re Chrysler* did not involve a future claim, the

court upheld the scope of the Bankruptcy Court's authority to include future claims. As such, this Court's March 11, 2013 Order is directly contradictory to that holding.

In its Order, this Court cited the difference of opinion among the Circuits. (Order, p. 9 citing *In re Chrysler LLC*, 576 F.3d at 126 (holding that "interests" from which an asset may be sold "free and clear" under Section 363(f) include [*in personam*] tort claims); and *Fairchild Aircraft, Inc. v. Campbell,* 184 B.R. 910, 917-19 (Bankr. W.D. Tex. 1995) (concluding that Section 363(f) applies only to *in rem* interests, not tort claims)).

Importantly, the policy implications regarding the scope of Section 363(f) are enormous. Bankruptcy courts—such as the one that issued the bankruptcy order under examination in this case—are in the best position to interpret the Bankruptcy Code. If protection is not afforded against successor liability as was intended by the Bankruptcy Court,[2] then a claimant, such as Dr. Weldon, goes from being a low level unsecured claimant under the statutory priority scheme established by the Bankruptcy Code to having a super-priority status against the

---

[2] All parties and this Court agree that the intent of the Bankruptcy Court was to sell the assets to Anchor "free and clear" including both in rem and in personam claims, present and future claims, and any claims under successor liability. Order, p. 3.

6

solvent purchaser of assets. Meanwhile, no other creditors, even the highest priority creditors, have that opportunity. The Bankruptcy Code is meticulously crafted to have a priority scheme to deal with creditors while freeing up assets of the bankrupt estate in a manner that will generate revenue to pay creditors.

In addition to destroying the statutory priority scheme of the Bankruptcy Code, this Court's Order allows future *in personam* creditors to pursue successor liability claims and recover in full when existing *in personam* creditors cannot. It allows *in personam* creditors to pursue successor liability claims when *in rem* creditors cannot.

Future *in personam* creditors should not be given a non-statutory super-priority status over other creditors. That was the holding by the Bankruptcy Court in *All-American*. *In re All-American of Ashburn, Inc.,* 56 B.R. 186, 189-191 (Bankr. N.D. Ga. 1986), *aff'd* 805 F.2d 1515 (11th Cir. 1986). Moreover, any purchaser of assets will pay far less due to the additional risk of successor liability, further reducing the amounts realized by existing *in rem* and *in personam* creditors. *Id.*

One final point in *All-American*: jobs are preserved because a sale of assets in bankruptcy free and clear of successor liability under Section 363(f) may permit a business to be sold as a whole, rather than piecemeal or being liquidated. *All-*

*American,* 56 B.R. at 190-191. This Court's holding undermines that important goal of the Bankruptcy Code.

These are all important policy reasons for following principles of comity and giving effect to the Bankruptcy Court's order. If this Court is correct and asset purchasers out of bankruptcy assume successor liability for products made by the predecessor company despite the bankruptcy court expressly stating otherwise, then similar orders are cast into doubt. All potential purchasers will evaluate liability risks prior to a bankruptcy asset purchase drastically different and significantly reduce the purchase price which will reduce the revenue generated by the bankrupt estate to pay all existing creditors. In sum, by giving future claimants like Dr. Weldon super-priority status, all other creditors of the bankrupt estate get less. The result is contrary to the Bankruptcy Code.

This Court's Order held that the Bankruptcy Court did not have the authority to transfer a bankrupt company's assets unencumbered by successor liability over future claims under Section 363(f) of the Bankruptcy Code. As this Court noted in its Order and has been shown above, this is an issue of first impression in the Eleventh Circuit, a source of conflict among Circuits, and there are now two directly conflicting district court orders on a determinative legal issue in this case.

For all these reasons, there is a substantial ground for difference of opinion as to the controlling law in this case.

### C. An interlocutory appeal materially advances the ultimate termination of the litigation because it saves judicial resources and litigant expense.

This is a pure issue of law, particularly appropriate for appeal. When considered in light of the substantial resources of the parties and the Court that may be saved on extensive discovery and trial by first taking an interlocutory appeal on the singular threshold issue, granting an interlocutory appeal is justified.

When a definitive ruling from the court of appeals could significantly alter the time and expense of litigating the case, both for the parties and for the trial court, then an interlocutory appeal materially advances the ultimate termination of the litigation. *See, e.g., Waters v. Miller,* 560 F.Supp.2d 1318, 1325 (M.D. Ga. 2008); *Coast Federal Bank v. United States*, 49 Fed. Cl. 11, 14 (2001); *In re City of Memphis*, 293 F.3d at 351 (6th Cir. 2002).

When "resolution of the controlling legal question serves to avoid a trial or otherwise substantially shorten[s] the litigation," an interlocutory appeal meets this third prong. *Dial v. Healthspring of Alabama, Inc.*, 612 F.Supp.2d 1205, 1207, (S.D.Ala. 2007). In *Winnett v. Caterpillar, Inc.,* 2007 U.S. Dist. LEXIS 53096 (M.D. Tenn., July 20, 2007), the trial court held that "Interlocutory appeal is most

appropriate early in the proceedings and in protracted and expensive litigation, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *Id.* at 9, *citing In re James River Coal Co.*, 2006 U.S. Dist. LEXIS 92984 (M.D. Tenn. 2006).  The *Winnett* court further stated: "an interlocutory appeal materially advances the ultimate termination of the litigation when it saves judicial resources and litigant expense." *Id.* at 17, *citing West Tenn. Chapter of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F.Supp.2d 1015, 1026 (W.D. Tenn. 2000).  These points are also true of the case at bar.

    A definitive ruling from the Eleventh Circuit Court of Appeals could significantly alter the time and expense of litigating the case, both for the parties and for the trial court.  As the Court recognized when it stayed this case until the motions on this issue were determined, the burdens on the parties to proceed through trial before resolution on this issue would be an extraordinary waste of judicial and parties' resources.

    This case is in an early stage of discovery.  To date, only initial written discovery has been exchanged and Plaintiff's deposition has been taken.  There are numerous fact witnesses, including Plaintiff's children that were eye witnesses to the incident, and witnesses for Anchor related to product quality controls, design,

and manufacturing processes that are expected to be deposed. Discovery regarding the predecessor company, the asset purchase, and both the prior and current corporate structures will be taken. Finally, both parties will require expert testimony regarding any alleged product defect and Plaintiff's alleged disability and damages. Such extended litigation would be unnecessarily burdensome.

Even if this ruling is upheld against Defendants on appeal, such a decision will inform Anchor's valuation of this case and any other claims arising out of products manufactured by its predecessor company. But if Anchor prevails on this issue at a late stage, then all of this expenditure of time, money and resources by all parties will have been a colossal waste.

Under these circumstances, the Eleventh Circuit should be permitted to decide this central and potentially dispositive issue before expensive and time-consuming discovery and trial.

### III. Conclusion

An interlocutory appeal is appropriate and fits the statutory requirements. The three part standard is met: (1) a controlling legal question is involved; (2) there is substantial ground for a difference of opinion regarding that controlling legal question; and (3) an immediate appeal would materially advance the litigation's ultimate termination. *Lauro Lines s.r.l. supra; Akanthos, Cap. Mgmt, supra*.

These prongs are met because the holding that a bankruptcy court cannot transfer a bankrupt company's assets unencumbered by successor liability over future claims under Section 363(f) of the Bankruptcy Code is a pure question of law that determines the outcome of the case, and there is substantial ground for a difference of opinion on whether a bankruptcy court may transfer a bankrupt company's assets unencumbered by successor liability over future claims under Section 363(f) of the Bankruptcy Code. It is a novel issue that has never before been subject to judicial interpretation in the Eleventh Circuit, and there are conflicting guiding principles found in other Circuits.

As a result, Anchor respectfully moves the Court to issue an Order granting interlocutory appeal under 28 U.S.C. § 1292(b) with the required language in the Order that: (1) a controlling legal question is involved; (2) that there is substantial ground for a difference of opinion regarding that controlling legal question; and (3) that an immediate appeal would materially advance the litigation's ultimate termination. Anchor also moves for an Order staying further proceedings until after such appeal is heard and an appellate decision is rendered.

Respectfully submitted this 21st day of March, 2013.

        s/ *James D. Meadows*
        James D. Meadows, Esq.
        Georgia Bar #500360
        BALCH & BINGHAM LLP
        30 Ivan Allen Jr. Blvd., N.W.
        Suite 700
        Atlanta, Georgia 30308
        Telephone: (404) 261-6020
        Facsimile: (404) 261-4656
        dmeadows@balch.com

        Beth Schneider Naylor, Esq.
        *(admitted pro hac vice)*
        Ohio Bar #0041345
        FROST BROWN TODD LLC
        3300 Great American Tower
        301 East Fourth Street
        Cincinnati, Ohio 45202
        Telephone:  (513) 651-6726
        Facsimile:   (513) 651-6981
        e-mail bnaylor@fbtlaw.com

        Erika J. Schoenberger, Esq.
        *(admitted pro hac vice)*
        Ohio Bar #0077808
        FROST BROWN TODD LLC
        One Columbus, Suite 2300
        10 West Broad Street
        Columbus, Ohio 43215
        Telephone:  (614) 464-1211
        Facsimile:   (614) 464-1737
        e-mail eschoenberger@fbtlaw.com
        *Attorneys for Anchor Hocking LLC*
        *and Anchor Holdings, Inc.*

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing Defendants' Memorandum in Support of Motion to Certify an Interlocutory Appeal and Motion for Stay has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

s/ *James D. Meadows*
James D. Meadows, Esq.
Georgia Bar #500360

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2013, I electronically filed the foregoing Defendants' Memorandum in Support of Motion to Certify an Interlocutory Appeal and Motion for Stay with the Clerk of Court using CM/ECF which will automatically send e-mail notification of such filing to the following attorneys of record: Andrew M. Scherffius, Esq. and Ranse M. Partin, Esq., CONLEY GRIGGS PARTIN, LLP, The Hardin Building, 1380 West Paces Ferry Road NW, Suite 2100, Atlanta, Georgia 30361

                                                     s/ *James D. Meadows*
                                                     James D. Meadows, Esq.
                                                     Georgia Bar #500360