IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN WELDON, M.D., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| ANCHOR HOCKING, LLC; ) | FILE NO. 1:12-cv-00232-WSD |
| and ANCHOR HOLDINGS, INC., ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ALLOW AN INTERLOCUTORY APPEAL AND MOTION FOR STAY**

"Regardless of the applicability of [11 U.S.C.] § 363(f) to tort claims, no court has held that § 363(f) can extinguish successor liability for a *future* tort claim . . . ." (Order, p. 9.) Indeed, "no court has held" what Anchor Hocking will ask the Eleventh Circuit to hold. With no ground, much less a substantial ground, for a difference of opinion, an immediate appeal under 28 U.S.C. § 1292(b) from this Court's Order denying summary judgment is improper. Rather than engaging in piecemeal appellate practice, this case should proceed without delay to complete discovery and to trial, after which, any appealable issues can be addressed in the normal course, after final judgment.

## I. Denials of Summary Judgment Generally Are Not Immediately Appealable, and Interlocutory Appeal Under § 1292(b) Is a Rare Exception

"[T]he denial of the motion for summary judgment is not a final order" and, therefore, is not immediately appealable absent rare and specific circumstances. *See In re Corrugated Container Antitrust Litig.*, 694 F.2d 1041, 1042 (5th Cir. 1983) (per curiam) (dismissing appeal). Anchor Hocking seeks to avoid that general rule by invoking § 1292(b). But "[s]ection 1292(b) was not intended to make denials of summary judgment routinely appealable." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (Posner, J.) (citing *Williamson v. UNUM Life Ins. Co.*, 160 F.3d 1247, 1251 (9th Cir.1998), *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991), *Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n.4 (2d Cir.1966)).

"The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Moreover, "permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* Section 1292(b) interlocutory review is a rare exception to the final judgment rule, and that rare exception does not apply here.

Three criteria must be met to warrant interlocutory review under § 1292(b): (1) the case must present a "controlling question of law"; (2) there must be a "substantial ground for difference of opinion"; and (3) the appeal must "materially advance the ultimate termination of the litigation." *See McFarlin*, 381 F.3d at 1257-59 (construing § 1292(b)). "The[se] criteria are conjunctive, not disjunctive." *Ahrenholz*, 219 F.3d at 676. Despite Anchor Hocking's reliance on *Gaylord Entertainment Co. v. Gilmore Entertainment Group*, 187 F.Supp.2d 926, 955-58 (M.D. Tenn. 2001), the court there actually held that interlocutory appeal under § 1292(b) was inappropriate and denied the motion for interlocutory appeal. "[T]he great bulk of [appellate] review must be conducted after final judgment, with § 1292(b) interlocutory review being a rare exception." *Id.* at 1264.

## II.   Interlocutory Appeal Under § 1292(b) Is Improper Because There Is No Substantial Ground for Difference of Opinion

Interlocutory appeal under § 1292(b) is improper where, as here, there is no substantial ground for difference of opinion.

A.   **The Circuit Courts Agree: § 363(f) Does Not Extinguish Future Products Liability Claims**

As this Court concluded, "no court has held that § 363(f) can extinguish successor liability for a *future* tort claim." (Order, p. 9.)[1]  By contrast, several Circuit Courts of Appeal have held that § 363(f) cannot extinguish successor liability for a future tort claim.  The absence of support for Anchor Hocking's position coupled with the support Dr. Weldon finds in several Circuit Court cases leaves no room for dispute—future claims are not extinguished by § 363(f) sales.  This incontestability alone is independently sufficient to render a § 1292(b) appeal improper.

The Seventh Circuit has held that bankruptcy courts lack jurisdiction "to discharge the debts of nondebtors (like [§ 363(f) asset purchasers])" or "to extinguish the rights of third parties," including "future tort claimants" like Dr. Weldon.  *See Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994) [hereinafter *Zerand-Bernal*].  Similarly, the Fifth Circuit has held that a sale free

---

[1] As the Court noted, all of the cases cited by Anchor Hocking involve existing claims, not future claims like Dr. Weldon's.  *See In re Chrysler LLC*, 576 F.3d 108, 123-27 (2d Cir. 2009); *In re Trans World Airlines, Inc.*, 322 F.3d 283, 293 (3d Cir. 2003); *Campbell v. Motors Liquidation Co.* (*In re Motors Liquidation Co.*), 428 B.R. 43, 56-58 (S.D.N.Y. 2010); *Paris Mfg. Corp. v. Ace Hardware Corp.* (*In re Paris Indus. Corp.*), 132 B.R. 504, 509 (D. Me. 1991); *Volvo White Truck Corp. v. Chambersburg Beverage, Inc.* (*In re White Motor Credit Corp.*), 75 B.R. 944, 949 (Bankr. N.D. Ohio 1987); *Am. Living Sys. V. Bonapfel* (*In re All Am. of Ashburn, Inc.*), 56 B.R. 186, 189-90 (Bankr. N.D. Ga. 1986).

and clear of claims cannot divest a plaintiff of her products liability claim, which arose after the sale.  *See Mooney Aircraft Corp. v. Foster* (*In re Mooney Aircraft, Inc.*), 730 F.2d 367, 375 (5th Cir. 1984).  The Third Circuit also has held that a discharge in bankruptcy does not discharge a future product liability claim.  *See Schweitzer v. Consolidated Rail Corp.*, 758 F.2d 936, 944 (3d Cir. 1985).  Anchor Hocking's lack of authority supporting its position, taken together with the Third, Fifth, and Seventh Circuit cases supporting Dr. Weldon's position, demonstrates that this is not a proper § 1292(b) appeal.[2]  *Cf. Burrell v. Bd. of Trs. of Ga. Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992) (dismissing § 1292(b) appeal where "agreement with the district court is . . . complete and unequivocal").

## B. Anchor Hocking Cannot Create a Substantial Difference of Opinion

Ignoring the virtually unanimous authority against its position, Anchor Hocking endeavors to create a difference of opinion.  *In re Chrysler LLC* is flatly inapposite because it did not involve future claims.  *See* 576 F.3d at 127.  The *In re*

---

[2] While the Eleventh Circuit has not directly addressed whether § 363(f) encompasses future tort claims, an Eleventh Circuit opinion suggests it would likely agree with this Court's order and follow the Third, Fifth, and Seventh Circuits.  *Cf. Epstein v. Official Comm. of Unsecured Creditors* (*In re Piper Aircraft*), 58 F.3d 1573, 1577 (11th Cir. 1995) (holding that bankruptcy court could not discharge potential product liability claims arising from debtor's products after confirmation of debtor's bankruptcy).

*Chrysler LLC* court explicitly "decline[d] to delineate the scope of the bankruptcy court's authority to extinguish future claims, until such time as we are presented with an actual claim for an injury that is caused by Old Chrysler, that occurs after the Sale, and that is cognizable under state successor liability law." *Id.* Because the *In re Chrysler LLC* court was not presented with a future product liability claim, it could not have held that the bankruptcy court had the authority to divest future product liability claimants of their claims. Consequently, there is no inconsistency between this Court's Order and *In re Chrysler LLC*'s holding, and there is no difference of opinion among the Circuits.

Likewise, *In re Chrysler LLC* and *Fairchild Aircraft, Inc. v. Campbell* (*In re Fairchild Aircraft Corp.*), 184 B.R. 910, 917-19 (Bankr. W.D. Tex. 1995) do not represent a difference of opinion among the Circuits. First, *In re Fairchild Aircraft Corp.* is a bankruptcy court case, not a Circuit Court case. Second, the *In re Fairchild Aircraft Corp.* order that Anchor Hocking cites, 184 B.R. 910, was subsequently vacated. *See* 220 B.R. 909, 918. Third, any distinction between *In re Chrysler LLC* and *In re Fairchild Aircraft Corp.* is irrelevant under the facts here, which involve a future product liability claim. As noted above, *In re Chrysler LLC* did not hold that the bankruptcy court had the authority to extinguish future tort claims. *See* 576 F.3d at 127. *In re Fairchild Aircraft Corp.*'s conclusion that §

363(f) only applies to *in rem* interests, not tort claims, 184 B.R. at 917-19, is clearly consistent with the precept that § 363(f) does not apply to future tort claims. Accordingly, neither *In re Chrysler LLC* nor *In re Fairchild Aircraft Corp.* create a difference of opinion among the Circuits.

Anchor Hocking equivocates between the bankruptcy court and this Court in a subtle attempt to create conflict where none exists.[3] It is well within this Court's power to determine that the bankruptcy court exceeded its authority by purporting to extinguish all successor liability claims. *See, e.g.*, 28 U.S.C. § 158(a). By Anchor Hocking's logic, any reversal of a trial court order would suffice to create a difference of opinion for purposes of a § 1292(b) appeal. Variance between the bankruptcy court's order and this Court's Order is simply insufficient grounds for a "difference of opinion" warranting appeal under § 1292(b).

Anchor Hocking cites no Eleventh Circuit cases to suggest that an issue of first impression is automatically a substantial ground for difference of opinion. Instead, Anchor Hocking cites *Klapper v. Commonwealth Realty Trust*, 662 F.Supp. 235, 236 (D. Del. 1987), a District Court order from another circuit.

---

[3] Anchor Hocking contends, "the parties are left with two contradicting Orders from different District Courts." (Defs.' Mem. Supp. Mot. Allow Interlocutory Appeal and Mot. Stay 5.) This statement equivocates between an Article I bankruptcy court and this Article III District Court. In doing so, the statement implies that a conflict exists among courts at the same level in the judicial hierarchy, which is not the case.

*Klapper* emphasized "the sensitivity of the Third Circuit to the question" certified for appeal—"it is precisely this sensitivity that leads this Court to certify the matter for appeal." *See id.* The Eleventh Circuit has expressed no comparable "sensitivity" to whether § 363(f) extinguishes future tort claims.

In short, an indispensible requirement for a § 1292(b) appeal is missing; therefore, a § 1292(b) appeal is improper.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Allow an Interlocutory Appeal and Motion for Stay should be denied.

Respectfully submitted this 25th day of March, 2013.

**CONLEY GRIGGS PARTIN LLP**

/s/ *Ranse M. Partin*
Andrew M. Scherffius
Of Counsel
Georgia Bar No. 629150
Ranse M. Partin
Georgia Bar No. 556260
Andre T. Tennille, III
Georgia Bar No. 940510

The Hardin Building
1380 West Paces Ferry Road, N.W.
Suite 2100
Atlanta, GA  30327
Telephone:  (404) 467-1155

Facsimile:	(404) 467-1166
E-mail:	andy@conleygriggs.com
	ranse@conleygriggs.com
	dre@conleygriggs.com

							***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C

I hereby certify that the within and foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ALLOW AN INTERLOCUTORY APPEAL AND MOTION TO STAY has been computer processed with 14-point Times New Roman font in compliance with LR 5.1C, NDGa.

Respectfully submitted this 25th day of March, 2013.

/s/  *Ranse M. Partin*
Ranse M. Partin
Georgia Bar No. 556260

**CONLEY GRIGGS PARTIN, LLP**
1380 West Paces Ferry Road, NW
Suite 2100
Atlanta, GA 30361
(404) 467-1155

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ALLOW AN INTERLOCUTORY APPEAL AND MOTION TO STAY upon the following counsel of record through the PACER System, addressed as follows:

| | |
|---|---|
| James D. Meadows, Esq. | Beth S. Naylor, Esq. |
| Balch & Bingham LLP | Erika J. Schoenberger, Esq. |
| 30 Ivan Allen Jr. Blvd. N.W., Suite 700 | Frost, Brown, Todd LLC |
| Atlanta, GA 30308 | 2200 PNC Center |
| | 201 East Fifth Street |
| | Cincinnati, OH 45205-4182 |

This 25th day of March, 2013.

/s/ *Ranse M. Partin*
Ranse M. Partin
Georgia Bar No. 556260


**CONLEY GRIGGS PARTIN, LLP**
1380 West Paces Ferry Road, NW
Suite 2100
Atlanta, GA 30361
(404) 467-1155