IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KAREN WELDON, M.D.,** : | Case No.  1:12-cv-232-WSD |
| : | |
| **Plaintiff,** : | Judge William S. Duffey, Jr. |
| vs. : | |
| : | |
| **ANCHOR HOCKING, LLC, et al.,** : | |
| : | |
| **Defendant.** : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO CERTIFY INTERLOCUTORY APPEAL**

**I.    Introduction**

28 U.S.C. §1292(b) grants discretion to trial courts to certify an order for interlocutory appeal when:  (1) a controlling legal question is involved; (2) there is substantial ground for a difference of opinion regarding that controlling legal question; and (3) an immediate appeal would materially advance the litigation's ultimate termination.  *In re Charter Co.,* 778 F.2d 617, 620 n. 5 (11th Cir. 1985). In her opposition brief, Plaintiff Dr. Karen Weldon concedes that two of the three necessary prongs are satisfied.  A controlling legal question is involved and an immediate appeal would materially advance the litigation's ultimate termination. *See* Plaintiff's Opposition to Defendants' Motion to Allow An Interlocutory

1

Appeal and Motion for Stay at pp.3,8 [Doc. 46]. Instead, she argues that there is no substantial ground for a difference of opinion regarding the controlling legal question before this Court. The controlling issue is whether a bankruptcy court may transfer a bankrupt company's assets unencumbered by successor liability for future claims under Section 363(f) of the Bankruptcy Code.

Dr. Weldon's position that the law is settled on the controlling issue is simply wrong. A substantial ground for a difference of opinion exists in any of the following three ways: when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; *or* (3) the circuits are split on the issue.[1] Because all three grounds are present here, Dr. Weldon's argument is unfounded. This Court should permit the Eleventh Circuit to decide this controlling issue now.

---

[1] *See, e.g., Eagan v. CSX Transportation, Inc.,* 294 F.Supp.2d 911, 916 (E.D.Mich. 2003); *Rodriguez v. Banco Cent.,* 917 F.2d 664, 665 (1st Cir. 1990) (circuits divided); *Limuel v. Donrey Corp.*, 795 F.Supp. 902, 903 (E.D.Ark. 1992) (conflict between decisions); *Klapper v. Commonwealth Realty Trust*, 662 F.Supp. 235, 236 (D.Del. 1987) (issue of first impression); *Giardello v. Balboa Ins. Co.*, 661 F.Supp. 644, 646 (S.D.Fla. 1985), 837 F.2d 1566 (11th Cir. 1988) (conflict between other circuits and controlling circuit).

## II. This Court Found that this Issue is Difficult and of First Impression

This Court acknowledges that an issue of first impression is presented. "The Eleventh Circuit has not addressed whether Section 363(f) encompasses tort claims, or, if it does, whether the statute encompasses future tort claims." (Order, p. 11). This is not only a controlling issue of first impression, it is a complex issue that warrants review by the Eleventh Circuit now.

## III. A Difference of Opinion Exists Between the Circuits

By arguing that there is no difference of opinion, Dr. Weldon ignores the cases from other Circuits which contain different opinions on the controlling issue. In its Order Denying Summary Judgment, this Court contrasted *In re Chrysler LLC*, 576 F.3d 108, 126 (2d Cir. 2009) (holding that "interests" from which an asset may be sold "free and clear" under Section 363(f) include [*in personam*] tort claims); with *Fairchild Aircraft, Inc. v. Campbell,* 184 B.R. 910, 917-19 (Bankr. W.D. Tex. 1995) (concluding that Section 363(f) applies only to *in rem* interests, not tort claims) as examples of where the difference of opinion exists. (Order, p. 9). While the *In re Chrysler* case involved an existing claim, the Second Circuit upheld a broader sale order which extinguished the right to pursue existing and future claims on any successor liability theory. *In re Chrysler LLC*, 576 F.3d at 126.

Dr. Weldon nonetheless argues that *In re Chrysler* is irrelevant and should be ignored because the facts of that case did not involve a future claim. But the reasoning explained by the Second Circuit in *In re Chrysler*, of course, is applicable to all *in personam* tort claims, including future claims. *In re Chrysler* remains highly relevant to whether there is a difference of opinion between Circuits because it flatly rejects the reasoning of the Fifth and Seventh Circuit cases that Dr. Weldon self-servingly argues are the "only" relevant cases.

In *In re Chrysler*, the Second Circuit undertook an exhaustive review of the conflicting rulings concerning the types of "interests" in property that could be transferred "free and clear" under Section 363(f). The Second Circuit concluded that "the dominant interpretation is that Section 363(f) can be used to sell property free and clear of claims that could otherwise be assertable against the buyer of the assets under the common law doctrine of successor liability." *In re Chrysler* LLC, 576 F.3d at 126.

The Second Circuit upheld the authority of the bankruptcy court to issue a Section 363(f) sale order extinguishing all claims based "on any theory of successor or transferee liability . . . whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated." *In re Chrysler* LLC, 576 F.3d at 127.

4

### IV. A Difference of Opinion Exists Between this Court and Bankruptcy District Court Rulings, Including in This Circuit

Dr. Weldon also argues that a Georgia Bankruptcy Court's opinion on bankruptcy matters is irrelevant because it is only an Article I bankruptcy court. In *In re All American of Ashburn, Inc.*, 56 BR 186, 191 (Bankr. N.D. Ga. 1986), aff'd 805 F.2d 1515 (11th Cir. 1986), however, the Bankruptcy Court for the Northern District of Georgia refused to follow the holding in *Mooney Aircraft Corp. v. Foster*, 730 F.3d 367 (5th Cir. 1984), Dr. Weldon's favorite case. The Bankruptcy Court articulated a preference for "preserving the integrity of the priority system established by the Bankruptcy Code." *In re All American of Ashburn, Inc.*, 56 BR at 191.

This Court's Order denying summary judgment and following the Fifth Circuit's rationale is in direct conflict with the holding in *In re All American of Ashburn, Inc.* Dr. Weldon suggests this important conflict should be ignored because *In re All American of Ashburn, Inc.* was decided by a bankruptcy court, ignoring the fact that bankruptcy courts specialize in understanding the Bankruptcy Code and are specifically tasked with interpreting it. As a result, bankruptcy courts are entitled to and generally receive great deference from district courts on matters of Bankruptcy Code interpretation such as this one.

Therefore, the *In re All American of Ashburn, Inc.* holding is highly relevant. The conflicting viewpoints of these two Georgia courts show that substantial ground exists for a difference of opinion on the controlling legal question. Moreover, resolving this difference of opinion requires determining a Bankruptcy Court's authority under the Bankruptcy Code.

Finally, this Court's Order also directly contradicts the Delaware Bankruptcy District Court's Order on the same legal issue creating a lack of comity with the Delaware Court's order. This creates significant uncertainty for Anchor if it cannot rely on court orders from one state to be upheld in another state. Moreover, this problem of inconsistent court orders has wider application than to just Anchor. Any other purchaser of assets out of bankruptcy that has already been ordered to be "free and clear of future claims" now does not know what potential liabilities it may have inherited after such a purchase. These differences of opinion have significant real world impact. It is impossible for Anchor, or the multitude of purchasers of assets out of bankruptcy, to evaluate liability for post-sale tort claims, such as Dr. Weldon's claim here. The purchases were made at the price negotiated because federal bankruptcy courts promised these companies that there would be no future liability over these assets.

## V.     Conclusion

An interlocutory appeal satisfies the statutory requirements. The three part standard is met because: (1) a controlling legal question is involved; (2) there is substantial ground for a difference of opinion regarding that controlling legal question; and (3) an immediate appeal would materially advance the litigation's ultimate termination. *In re Charter Co.,* 778 F.2d 617, 620 n. 5 (11th Cir. 1985). When considered in light of the substantial resources of the parties and the Court that may be saved on extensive discovery and trial by first taking an interlocutory appeal on the singular threshold issue, certification of an interlocutory appeal is warranted. The Eleventh Circuit should be given the opportunity to decide this important issue now.

As a result, Anchor respectfully requests that this Court issue an Order (1) granting it an interlocutory appeal under 28 U.S.C. § 1292(b) and (2) staying further proceedings until after such appeal is heard and an appellate decision is rendered.

Respectfully submitted this the 8th day of April, 2013.

s/ *James D. Meadows*
James D. Meadows, Esq.
Georgia Bar #500360
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd., N.W.
Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-4656
dmeadows@balch.com

Beth Schneider Naylor, Esq.
*(admitted pro hac vice)*
Ohio Bar #0041345
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6726
Facsimile: (513) 651-6981
e-mail bnaylor@fbtlaw.com

Erika J. Schoenberger, Esq.
*(admitted pro hac vice)*
Ohio Bar #0077808
FROST BROWN TODD LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, Ohio 43215
Telephone: (614) 464-1211
Facsimile: (614) 464-1737
e-mail eschoenberger@fbtlaw.com

Attorneys for Anchor Hocking LLC
and Anchor Holdings, Inc.

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing Defendants' Reply Memorandum in Support of the Motion to Certify an Interlocutory Appeal has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

s/ *James D. Meadows*
James D. Meadows, Esq.
Georgia Bar #500360

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2013, I electronically filed the foregoing Defendants' Reply Memorandum in Support of the Motion to Certify an Interlocutory Appeal, with the Clerk of Court using CM/ECF which will automatically send e-mail notification of such filing to the following attorneys of record: Andrew M. Scherffius, Esq. and Ranse M. Partin, Esq., CONLEY GRIGGS PARTIN, LLP, The Hardin Building, 1380 West Paces Ferry Road NW, Suite 2100, Atlanta, Georgia 30361

                                                s/ *James D. Meadows*
                                                James D. Meadows, Esq.
                                                Georgia Bar #500360