IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN WELDON, M.D.,

               Plaintiff,

    v.                                 1:12-cv-232-WSD

ANCHOR HOCKING, LLC and
ANCHOR HOLDINGS, INC.,

               Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Allow an Interlocutory Appeal and Motion for Stay [45] ("Motion for Interlocutory Appeal").

## I.    BACKGROUND

### A.    Facts

In 2005 or 2006, Plaintiff Karen Weldon ("Plaintiff") purchased a glass dish from Global Home Products, LLC ("Old Anchor"), a designer, marketer, and manufacturer of glass bakeware sold under the brand name "Anchor Hocking." (Pl.'s SUMF [32] ¶¶ 1–2.)  After Plaintiff purchased the dish, Old Anchor filed for bankruptcy.  On March 26, 2007, pursuant to 11 U.S.C. § 363(f), the Bankruptcy Court entered an order (the "Bankruptcy Order") authorizing the sale of Old

Anchor's assets, executory contracts, and unexpired equipment leases to Anchor Hocking, LLC and Anchor Holdings, Inc. (collectively, "Defendants" or "New Anchor").  (Id. ¶¶ 9–10.)  The Bankruptcy Order stated that New Anchor purchased the assets from Old Anchor "free and clear of any liens, claims, interests, and encumbrances" and purported to enjoin future claims against New Anchor as follows:

> [A]ll persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding . . . against the Purchaser, its successors and assigns, or the Acquired Assets with respect to any (a) Encumbrance arising under, out of, in connection with or in any way relating to the Sellers, the Purchaser, the Acquired Assets, the operation of the Acquired Assets prior to the Closing of the sale of the Acquired Assets, or (b) Successor Liability. . . .

(Id. ¶ 11, 16 (omission in original).)

On December 24, 2010, three years after New Anchor's purchase of the Anchor Hocking assets, the dish exploded in Plaintiff's hands, causing Plaintiff certain injuries.  (Id. ¶ 3.)  Plaintiff was not a creditor of Old Anchor at the time of Old Anchor's bankruptcy, and Plaintiff lacked standing to participate in Old Anchor's bankruptcy proceedings.

B.   Procedural History

On December 15, 2011, Plaintiff filed this action in the State Court of Gwinnett County, Georgia.  In her Complaint [1-1], Weldon asserts product

liability, negligence, and warranty claims against Defendants arising from the injuries she sustained from the Anchor Hocking dish. On January 23, 2012, New Anchor removed the action to this Court on the basis of diversity jurisdiction.

On June 28, 2012, New Anchor filed its Motion for Summary Judgment [26] on the ground that it is not liable to Plaintiff because the Bankruptcy Order, pursuant to which it purchased the Anchor Hocking assets, precludes a claim against it based on successor liability. On March 11, 2013, the Court issued its Order [44] (the "Summary Judgment Order") denying Defendants' Motion for Summary Judgment. The Court held that a sale under § 363(f) of the Bankruptcy Code, which authorizes a bankruptcy court to order the sale of a debtor's assets "free and clear of [third party] interests in such property," does not extinguish a purchaser's potential liability for future tort claims. Accordingly, the Court held that the Bankruptcy Order does not preclude the imposition of successor liability on New Anchor.[1]

On March 21, 2013, Defendants filed their Motion for Interlocutory Appeal, seeking leave to appeal the Court's Summary Judgment Order pursuant to

---

[1] New Anchor's Motion for Summary Judgment was limited to the argument that the Bankruptcy Order precludes the imposition of successor liability. In the Summary Judgment Order, therefore, the Court did not consider whether New Anchor is actually subject to successor liability under the relevant state law.

28 U.S.C. § 1292.

## II.    DISCUSSION

A trial judge has the discretion to permit an interlocutory appeal of a non-final and otherwise non-appealable order in limited circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation he shall so state in writing in such order.

28 U.S.C. § 1292(b) (2006).  "A party seeking review of a non-final order must first obtain the consent of the trial judge.  This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time consuming jurisdictional determinations in the court of appeals."

Coopers & Lybrand v. Livesay, 437 U.S. 463, 474-75 (1978).  Even if a district judge certifies the order for appeal, "the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Id. at 475 (quotation marks and citation omitted).  The Eleventh Circuit has emphasized the limited scope of § 1292(b):

> [T]he appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . where a question which

4

> would be dispositive of the litigation is raised and there is serious
> doubt as to how it should be decided. . . .  It is not thought that district
> judges would grant the certificate in ordinary litigation which could
> otherwise be promptly disposed of or that mere question as to the
> correctness of the ruling would prompt the granting of the certificate.

McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004) (alteration

in original) (quoting S. Rep. No. 2434, at 5260-61 (1958) (Conf. Rep.)).

Defendants seek interlocutory review of the Summary Judgment Order on

the ground that there is substantial ground for difference of opinion on whether

§ 363(f) of the Bankruptcy Code authorizes the sale of assets "free and clear" of

liability for future tort claims.  Defendants argue that courts outside of the Eleventh

Circuit are divided on this question and that the Summary Judgment Order directly

conflicts with the holding of another court within the Eleventh Circuit.

### 1.    *Opinions Outside of the Eleventh Circuit*

Defendants first argue that "there is a difference of opinion among the

Circuits" as to § 363(f)'s applicability to future tort claims.  The Court disagrees.

As noted in the Summary Judgment Order, every court to have directly considered

the issue has held that § 363(f) cannot extinguish successor liability for a *future*

tort claim.  See, e.g., Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 163 (7th Cir.

1994); Mooney Aircraft Corp. v. Foster, 730 F.2d 367, 375 (5th Cir. 1984).[2]  For

example, in Mooney, the Fifth Circuit held that bankruptcy courts cannot

extinguish future tort claims in a "free and clear" sale because their jurisdiction is

limited to adjudicating dischargeable "claims" as defined in the bankruptcy laws.

See 730 F.2d at 375 (reasoning that future claims are not actual "claims" in the

bankruptcy, and therefore cannot be "cleared" or discharged).[3]  In Zerand, the

Seventh Circuit similarly held that bankruptcy courts lack jurisdiction to

"discharge the debts of nondebtors (like [§ 363(f) asset purchasers])" or "to

extinguish the rights of third parties, including future tort claimants." 23 F.3d at

163.

     Defendants attempt to contrast Mooney and Zerand with the Second

---

[2] Courts outside of the this Circuit have reached conflicting decisions on whether
*in personam* claims, including tort claims, qualify as "interests in such property"
that can be extinguished under § 363(f).  Compare In re Chrysler LLC, 576 F.3d
108, 125-26 (2d Cir. 2009) (holding that § 363(f) can extinguish existing tort
claims); with Fairchild Aircraft, Inc. v. Cambell (In re Fairchild Aircraft, Inc.), 184
B.R. 910, 917-19 (Bankr. W.D. Tex. 1995) (holding that § 363(f) can only
extinguish *in rem* claims).  The Eleventh Circuit has not answered this question,
but in the Summary Judgment Order, the Court, consistent with Defendants'
argument, assumed that § 363(f) can reach the types of tort claims asserted in this
action.
[3] Mooney was decided under the more restrictive definition of "claim" under the
Bankruptcy Act of 1898.  See 730 F.2d at 375 n.6.  In Epstein v. Official
Committee of Unsecured Creditors (In re Piper Aircraft), 58 F.3d 1573 (11th Cir.
1995), the Eleventh Circuit made clear that future tort claims also are not
dischargeable under the current Bankruptcy Code.  See 58 F.3d at 1577.

6

Circuit's decision in <u>Chrysler</u>, which upheld a § 363(f) sale that extinguished claims "on any theory of successor or transferee liability . . . whether known or unknown as of the Closing, now existing or hereafter rising, asserted or unasserted, fixed or contingent, liquidated or unliquidated." <u>See</u> 576 F.3d at 127.  In <u>Chrysler</u>, a group of creditors, including tort claimants, directly appealed the bankruptcy court's § 363(f) order, arguing that the order was not effective as to both existing tort claims against the asset purchaser and possible future claims.  As for existing tort claims, the court of appeals held that the sale order permissibly extinguished such claims under § 363(f).  <u>Id.</u> at 126.  The court, however, expressly declined to reach the effect of the order on future tort claims:

> [W]e decline to delineate the scope of the bankruptcy court's authority to extinguish future claims, until such time as we are presented with an actual claim for an injury that is caused by [the debtor], that occurs after the Sale, and that is cognizable under state successor liability law.

<u>Id.</u> at 127.  Thus, contrary to Defendants' argument, the Second Circuit's decision in <u>Chrysler</u> does not conflict with any other court's interpretation of § 363(f)'s applicability to future tort claims, and there is not a "difference of opinion" outside of the Eleventh Circuit.

        2.    *Opinions Within the Eleventh Circuit*

Defendants next argue that courts within the Eleventh Circuit are divided on

§ 363(f)'s applicability to future claims because the Court's Summary Judgment Order is in direct conflict with the holding in <u>In re All American of Ashburn, Inc.</u>, 56 B.R. 186 (Bankr. N.D. Ga. 1986), a decision of the United States Bankruptcy Court for the Northern District of Georgia.  In <u>All American</u>, purchasers of a mobile home brought a product liability suit against the unit's manufacturer in state court shortly after the manufacturer filed for bankruptcy, but before a § 363(f) sale of the manufacturer's assets.  <u>Id.</u> at 188.  After the bankruptcy court subsequently affirmed two § 363(f) sales, the purchaser of the manufacturer's assets was added as a defendant in the product liability suit.  <u>Id.</u>  The asset purchaser then initiated an adversary proceeding in the bankruptcy court, seeking enforcement of the § 363(f) sale order to preclude any successor liability in the product liability suit.  <u>Id.</u> at 187.

In considering the effect of the § 363(f) sale on the mobile home owners' tort claims, the court adopted the dichotomy established in <u>Mooney</u>: tort claims arising before the confirmation of a bankruptcy are "claims" that can be extinguished by § 363(f), while claims not arising until after the bankruptcy confirmation are not "claims" and are not capable of being extinguished.  <u>See id.</u> at 189.  Because the homeowners' claims in <u>All American</u> had arisen before the bankruptcy confirmation, the bankruptcy court held that the sale extinguished the

8

successor's liability.  Id. ("Since the holding in Mooney applies only to cases in which a product liability cause of action arises after the § 363 sale, Mooney is inapplicable to the case at bar.").

Contrary to Defendants' argument, the Summary Judgment Order entered here is consistent with the reasoning in All American.  Dischargeable claims are capable of being extinguished in § 363(f) sales and non-dischargeable claims are not.  The Summary Judgment Order and the decision in All American do not conflict, and All American does not support the existence of a substantial ground for difference of opinion.

The Court finds that Defendants have failed to demonstrate any "substantial ground for difference of opinion" with regard to the ability of § 363(f) to extinguish future tort claims.[4]  Because such "a substantial ground for difference of opinion" is necessary to allow an interlocutory appeal, see 28 U.S.C. § 1292(b),

---

[4] Defendants also argue that allowing successor liability to attach to the Anchor Hocking assets is unfair because the liability turns on the fortuity of the timing of Plaintiff's accident.  The Court first notes that the Summary Judgment Order, regarding only the effect of the § 363(f) sale, did not reach the question of the applicability of successor liability.  The Court further notes, as discussed in the Summary Judgment Order, that the relative fairness of allowing successor liability to attach to a "free and clear" sale, as compared to denying recovery to a plaintiff who lacked the ability to object to the sale or participate in the debtor's bankruptcy, is not properly resolved by the Court.  See Fairchild, 184 B.R. at 918-19.

Defendants' Motion for Interlocutory Appeal is denied.

**III.   CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Allow an

Interlocutory Appeal and Motion for Stay [45] is **DENIED**.

**SO ORDERED** this 21st day of June, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE